Amanda L. Bruss (CA Bar No. 246249)
amanda@harmonseidman.com
Christopher Seidman (CA Bar No. 98884)
chris@harmonseidman.com
HARMON SEIDMAN & BRUSS, LLC
7550 East 53rd Place #172464
Denver, CO 80217
Tel: 415.271.5754
Attorneys for Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JILL GREENBERG, an individual, and JILL GREENBERG STUDIO, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CREATIVE ARTISTS AGENCY, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 26-cv-11882<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)<br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc. (collectively, "Greenberg"), allege as follows:

**STATEMENT OF ACTION**

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* This is an action for copyright infringement and contributory copyright infringement. Plaintiff Jill Greenberg is a professional photographer whose work has appeared on the

covers of Newsweek, Fast Company, Wired, Entertainment Weekly, Time, Variety, and The Hollywood Reporter. In October 2018, Greenberg photographed actor Greg Kinnear for a shoot arranged by Salon and created several photos of Kinnear. Greenberg is the sole author and owner of these images. One of the photographs created during this shoot (the "Photograph") was later obtained by Defendant Creative Artists Agency, LLC ("CAA"), but Greenberg has never licensed the resulting photograph to CAA, Kinnear's current representation, or to any studio, network, or publication CAA works with on his behalf. Nonetheless, on information and belief, the photograph made its way into promotional materials distributed to the press in connection with a Netflix program in which Kinnear appeared, and from there into further use by entertainment trade publications. When Greenberg brought the unauthorized use to CAA's attention, CAA acknowledged in writing that "there was a miscommunication" and that it was working "to resolve this issue with Variety." Months later, CAA still has not explained how an unlicensed photograph came to be distributed on Kinnear's behalf, identified who else received it, or confirmed that the unauthorized use has stopped. Greenberg has therefore been compelled to file this action for relief.

## JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

3. This Court has personal jurisdiction over CAA because CAA maintains its principal place of business within this District and regularly transacts business here.

## VENUE

4. Venue is proper in this District under 28 U.S.C. § 1400(a) because CAA resides, or may be found, in this District, and under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

5. Plaintiff Jill Greenberg is a highly regarded contemporary American photographer known for her stylized and digitally manipulated imagery. Credited with creating a photographic style that has been described as incorporating "distinctive ethereal backlighting," Greenberg creates painterly and emotive images that are easily recognizable by her clients and fans. Her work has appeared on the covers of Variety and The Hollywood Reporter, including Variety's 2022 Lifetime-sponsored "Power of Women" covers featuring Amanda Seyfried, Drew Barrymore, Venus Williams, Kim Cattrall, and Queen Latifah. She has created entertainment marketing and advertising imagery for Hulu, Netflix, Lifetime, EPIX, Sony, Fox, A24, Showtime, HBO, Starz, and Universal Pictures. Greenberg resides and maintains her principal place of business in Tivoli, New York.

6. Plaintiff Jill Greenberg Studio, Inc. (the "Studio") is a New York corporation owned by Greenberg, with its principal place of business in Tivoli, New York. The Studio is the entity through which Greenberg licenses her photographic work, and joins as a Plaintiff in this action so that all parties holding an interest in the copyright are before the Court.

7. Defendant Creative Artists Agency, LLC ("CAA") is a Delaware limited liability company with its principal place of business at 2000 Avenue of the Stars, Los Angeles, California 90067.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive, are presently unknown to Greenberg, who therefore sues these Defendants by fictitious names. Greenberg is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is in some manner responsible for the acts and injuries alleged herein, including persons and entities who received, republished, or further distributed the

Photograph without authorization. Greenberg will amend this Complaint to state the true names and capacities of the Doe Defendants once ascertained.

**FACTS**

**A. Greenberg's Copyrighted Photograph**

9. On October 24, 2018, Greenberg photographed actor Greg Kinnear in a shoot arranged by Salon for its "Social and Salon" editorial series.

10. As a result of Greenberg's shoot, Greenberg created a series of photographs of Kinnear, including the photograph at issue in this action, identified by the Studio as file 181024_Salon_Greg_Kinnear_0026_f (the "Photograph").



11. The Photograph is registered with the United States Copyright Office as part of a group registration of published photographs titled "Group Registration of Published Photos, 181115 Social and Salon," Registration No. VA 2-127-693, effective November 15, 2018 (the "Registration"). The Registration lists the Photograph by its file name, 181024_Salon_Greg_Kinnear_0026_f, with a publication date of October 2018. A true and correct copy of the Registration is attached as **Exhibit A**.

12. Greenberg is the owner of the copyright in the Photograph and has standing to bring this action.

//

//

**B. CAA's Use and Distribution of the Photograph**

13. CAA is, and at all times relevant to this Complaint has been, Kinnear's talent representation.

14. The only license Greenberg has ever granted for use of the Photograph was a limited, one-year license granted to a third party in February 2019, which by its own terms expired in February 2020. CAA was not a party to that license, was not a licensee or sublicensee under it, and derived no rights of any kind from it. CAA has never held any license, of any scope or duration, from Greenberg to reproduce, distribute, publish, or otherwise use the Photograph. Other than that single licensee, Greenberg has never provided an unwatermarked copy of the Photograph to any person or entity.

15. On information and belief, CAA, acting on Kinnear's behalf, reproduced and/or distributed the Photograph, including by providing it, or causing it to be provided, to Netflix, Inc. ("Netflix") and/or its affiliates in connection with promotional efforts for a Netflix program in which Kinnear appeared, without any license or authorization from Greenberg.

16. Variety Media, LLC ("Variety") has stated, through counsel, that it received the Photograph directly from Netflix as promotional material distributed to press outlets in connection with a Netflix program in which Kinnear appeared, and has declined to remove the Photograph or compensate Greenberg on the position that its use was authorized by Netflix.

17. Deadline Hollywood, LLC ("Deadline") has likewise stated, through counsel, that it received the Photograph directly from Netflix for the same purpose, has used the Photograph on more than one occasion, and has taken the same position.

18. Greenberg has never licensed, authorized, or otherwise permitted Netflix, Variety, or Deadline to reproduce, distribute, publish, or otherwise use the Photograph.

19. On July 15, 2026, in response to an inquiry from Greenberg, Priya Shah, an assistant on Kinnear's team at CAA, emailed Greenberg on CAA's behalf, stating that "there was a miscommunication and that [the Photograph] is no longer available for rights-free use," that CAA "will ensure to be mindful of this going forward now that it has come to our awareness," and that "active efforts [are] being made to resolve this issue with Variety." A true and correct copy of this email is attached as **Exhibit B**.

20. CAA's July 15, 2026 email did not identify how the Photograph came to be distributed to Netflix or to Variety, did not identify any other recipients of the Photograph, and did not represent that CAA had ceased using or distributing the Photograph.

**C. Greenberg's Demand and CAA's Response**

21. On August 11, 2026, Greenberg's counsel sent CAA a written demand letter detailing the foregoing facts and requesting, among other things, a full accounting of every person and entity to whom CAA transmitted the Photograph, the terms of any authorization communicated to each recipient, an explanation of CAA's connection to Netflix with respect to the Photograph, and written confirmation that all further distribution and use of the Photograph had ceased.

22. The letter requested a written response addressing each of these requests on or before August 21, 2026. As of the filing of this Complaint, CAA has not provided Greenberg with the accounting, the identification of recipients, the confirmation of cessation of use, or any of the other information requested in the letter, notwithstanding further efforts by Greenberg's counsel, including emails and telephone calls to CAA's counsel, to obtain it.

23. Greenberg has been damaged, and continues to be damaged, by CAA's conduct and, on information and belief, by the ongoing, unauthorized circulation of the Photograph that CAA's conduct set in motion.

## COUNT I

***Direct Copyright Infringement Against CAA***

24. Greenberg incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

25. Greenberg is, and at all relevant times has been, the owner of the copyright in the Photograph, which is the subject of a valid Certificate of Registration issued by the United States Copyright Office.

26. CAA has never held any license, of any scope or duration, to reproduce or distribute the Photograph. The only license Greenberg has ever granted for use of the Photograph ran to a third party, was narrow in scope, and expired by its own terms years before the conduct alleged in this Complaint.

27. On information and belief, CAA reproduced and distributed the Photograph to third parties without any authorization from Greenberg.

28. CAA's conduct infringes Greenberg's exclusive rights under 17 U.S.C. § 106, including the exclusive rights to reproduce and distribute the Photograph. CAA's infringement was willful, or at a minimum in reckless disregard of Greenberg's rights, because, on information and belief, CAA distributed the Photograph knowing, or recklessly disregarding, that it held no license from Greenberg, and because, even after acknowledging in July 2026 that the Photograph was "no longer available for rights-free use," CAA has not confirmed that its distribution has ceased or identified the persons and entities to whom it provided the Photograph.

29. As a direct and proximate result of CAA's infringement, Greenberg has suffered damages in an amount to be proven at trial, and CAA has been unjustly enriched in an amount to be proven at trial.

//

//

**COUNT II**

***Contributory Copyright Infringement Against CAA and Does 1 through 50***

30. Greenberg incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

31. On information and belief, Netflix, Variety, Deadline, and the Doe Defendants have directly infringed Greenberg's copyright in the Photograph by reproducing, publishing, and distributing it without authorization.

32. On information and belief, CAA knew, or had reason to know, that neither Kinnear nor CAA held any license or authorization to distribute the Photograph, and materially contributed to, induced, or caused the infringing conduct of Netflix, Variety, Deadline, and the Doe Defendants by providing, or causing to be provided, the Photograph to those parties while representing or allowing them to believe that such use was authorized, when CAA knew or should have known that it was not.

33. CAA's conduct constitutes contributory infringement of Greenberg's copyright in the Photograph. CAA's contributory infringement was willful, or at a minimum in reckless disregard of Greenberg's rights, because, on information and belief, CAA provided, or caused to be provided, the Photograph to third parties knowing, or having reason to know, that it had no authority to do so, and, after receiving notice of Greenberg's rights in July 2026 and again in August 2026, has not identified the recipients of the Photograph or confirmed that their use has stopped.

34. As a direct and proximate result of CAA's contributory infringement, Greenberg has suffered damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc. request the following:

35. For a preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert with them, from further

reproducing, distributing, publishing, or otherwise using the Photograph without Greenberg's authorization;

36. For an order requiring CAA to identify all persons and entities to whom it provided or transmitted the Photograph, and to notify each such person or entity to cease all further use of the Photograph;

37. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of Greenberg's exclusive copyrights, together with all related records and documents, and, at final judgment, destruction or other reasonable disposition of the unlawfully used material, including digital files and any other means by which it could be used again;

38. At Greenberg's election, either:

   a. Greenberg's actual damages and Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b); or

   b. Statutory damages of up to $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c), based on Defendants' willful infringement;

39. For Greenberg's reasonable attorneys' fees, full costs of suit, and expert witness fees, pursuant to 17 U.S.C. § 505;

40. For prejudgment and postjudgment interest as allowed by law;

41. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Greenberg demands a trial by jury of all issues permitted by law.

Respectfully submitted,

DATED: October 12, 2026

s/ *Amanda L. Bruss*
Amanda L. Bruss (# 246249)
amanda@harmonseidman.com
Christopher Seidman (# 98884)
chris@harmonseidman.com

HARMON SEIDMAN & BRUSS, LLC
7550 East 53rd Place #172464
Denver, CO 80217
Tel: 415.271.5754
*Attorneys for Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc.*